NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000401
29-JUN-2018
02:16 PM

NO. CAAP-18-0000401

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CAAP-18-0000401
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DCW-17-0000900)


ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-18-0000401 FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record of district court criminal case number 3DCW-17-0000900 for appellate court case number CAAP-CAAP-18-0000401, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016).  In this appeal, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from the Honorable Harry Freitas's February 14, 2018 interlocutory order and the Honorable M. Kanani Laubach's May 10, 2018 interlocutory order from the ongoing proceedings for Plaintiff-Appellee State of Hawaii's (the State) April 4, 2017 complaint against Spinney for criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2017).  Under these circumstances, dismissal of the appeal is warranted.

"The right of appeal in a criminal case is purely statutory[.]"  State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted).  The Hawaiʻi Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]"  HRS § 602-57(1) (2016).  HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be

allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure; State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005).

In the instant appeal, none of the appealed orders are independently appealable under HRS § 641-12, and, thus, they are interlocutory orders that would be eligible for appellate review only by way of an appeal from an appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered a final judgment on the State's original April 4, 2017 complaint for criminal contempt of court in violation of HRS § 710-1077, and, thus, we lack appellate jurisdiction.[1]

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000401 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).